UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALTICOR INC., a Michigan corporation, and AMWAY CORP., a Virginia corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HAPPY VALLEY ZBB INC, a California corporation, and BO ZHENG, a natural person,<br><br>Defendants. | Case No. 1:23-cv-00071-JMB-PJG<br><br>Hon. Jane M. Beckering |

**STIPULATED FINAL JUDGMENT
AND PERMANENT INJUNCTION**

Plaintiffs Alticor Inc. and Amway Corp. ("Plaintiffs") and defendants Happy Valley ZBB Inc and Bo Zheng ("Defendants") (collectively, "the Parties"), have stipulated and agreed to entry of this Final Judgment and Permanent Injunction pursuant to the Conditional Settlement and Release Agreement ("Settlement Agreement") entered into by the Parties.  The Parties have approved the substance and form of this Stipulated Final Judgment and Permanent Injunction. Based on the pleadings, the Parties' Settlement Agreement, and the factual, legal and/or other findings below and for other good cause,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction of the subject matter of this action and personal jurisdiction over Defendants.

2. Venue is proper is this Court.

3. The injunctive relief provisions of this Judgment shall apply to Defendants as well as their agents, owners, servants, employees, and those persons or entities in active concert or participation with Defendants.

4. Plaintiffs have valid and subsisting trademarks for AMWAY® (U.S. Trademark Registration Nos. 716,672, 847,709, 4,031,832, 4,199,852, 4,289,794, and 4,481,517), NUTRILITE® (Registration Nos. 402,891, 689,389, 2,145,912, 3,535,340, 4,748,189, and 4,478,190), and ARTISTRY® (Registration Nos. 856,184, 1,505,505, 1,519,877, and 4,645,525) as well as other federally-registered trademarks (collectively, the "Amway Trademarks").

5. Defendants, including anyone acting on Defendants' behalf or at Defendants' direction, are hereby permanently restrained and enjoined from:

(a) advertising, selling, or facilitating the advertisement or sale, through **any medium** (including all Internet and non-Internet channels), of any goods or products bearing any of the Amway Trademarks, including but not limited to, through **any storefront** on www.amazon.com ("Amazon") and including the Amazon storefront that has been known as "everything essentials health" and has a Merchant ID number of A1VU7L4IZF86K8;

(b) using the Amway Trademarks in any manner, including advertising on the Internet;

(c) purchasing or acquiring any products bearing any of the Amway Trademarks for the purpose of resale; and

(d) importing, exporting, manufacturing, producing, distributing, circulating, shipping, selling, offering to sell, advertising, promoting, or displaying **any goods or products** bearing any of the Amway Trademarks.

6. Defendant Bo Zheng shall:

   (a) Take all reasonable steps sufficient to monitor and ensure that all persons within his control or employment (whether independent contractors, employees, agents, partners, or otherwise) comply with this Order, including but not limited to by providing a copy of this Order to any person within his control or employment and requiring that such persons adhere to its terms;

   (b) Take all reasonable steps sufficient to monitor and ensure that all persons authorized to act on his behalf, including all officers and principals, comply with this Order; and

   (c) Take all reasonable corrective action with respect to any individual whom Bo Zheng determines is not in compliance with the terms of this Order, which may include training, disciplining, and/or terminating such individual, and notifying Plaintiffs in writing of the underlying conduct.

7. Pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, this Order is binding upon the following persons who receive actual notice of it: Defendants, Defendants' officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Defendants.

8. This Court shall retain jurisdiction of this matter in law and in equity for the purpose of enforcing and/or adjudicating claims in violation of this Final Judgment and Permanent Injunction. Any such matters shall be raised by noticed motion. The Court shall also retain jurisdiction to award Plaintiffs amounts for costs, attorneys' fees, and such other relief as may be just and proper arising by reason of any future claim of violation of this Stipulated Permanent Injunction by Defendants.

9.       Plaintiffs' claims against Defendants are dismissed with prejudice.

10.     Plaintiffs and Defendants shall bear their own costs, expenses, and attorneys' fees.

**IT IS SO ORDERED.**

**SIGNED** and **ENTERED** this 22nd day of August, 2023.

                                        /s/ Jane M. Beckering
                                        Jane M. Beckering
                                        United States District Judge

AGREED AS TO FORM AND SUBSTANCE:

*/s/ Daniel C.F. Wucherer*
Daniel C.F. Wucherer (Ohio Bar No. 0097210)
VORYS, SATER, SEYMOUR AND PEASE LLP
301 E. 4th Street, Suite 3500
Cincinnati, Ohio 45202
(513) 723-4093
dcwucherer@vorys.com

Edward J. Bardelli (P53849)
WARNER NORCROSS + JUDD LLP
1500 Warner Bldg.
150 Ottawa Ave., NW
Grand Rapids, Michigan 49503
(616) 752-2165
ebardelli@wnj.com

***Attorneys for Plaintiffs Alticor Inc. and Amway Corp.***


*/s/ Dean W. Amburn*
Dean W. Amburn
AMBURN LAW PLLC
400 Renaissance Center, Ste. 2111
Detroit, MI 48243
(248) 621-2111
dwa@amburnlaw.com

***Attorneys for Defendants Happy Valley ZBB Inc and Bo Zheng***